Steven M. Dailey, Bar No. 163857
Jennifer L. Andrews, Bar No. 222807
**KUTAK ROCK LLP**
5 Park Plaza, Suite 1500
Irvine, California 92614-8595
Telephone: (949) 417-0999
Facsimile: (949) 417-5394
Authorized E-Service Address:
irvineintake@KutakRock.com
Email: Steven.dailey@kutakrock.com

Attorneys for Defendant
SELECT PORTFOLIO SERVICING, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

THOMAS J. CORBETT and LAURIE A. CORBETT

Plaintiffs,

v.

SELENE FINANCE LP; U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST; MTC FINANCIAL INC. DBA TRUSTEE CORPS; AMERICA WEST LENDER SERVICES, LLC; SELECT PORTFOLIO SERVIICNG, INC.; and DOES 1 through 20, INCLUSIVE,

Defendants.

Case No. 2:26-cv-07992

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

(Federal Rules of Civil Procedure 12(b)(6))

Filed and served concurrently with:

1. Motion to Strike
2. Request for Judicial Notice

Date: TBD
Time: TBD
Courtroom: TBD

Complaint Filed: June 22, 2026

///

///

///

///

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on __________, 2026, at _______, or as soon thereafter as the matter may be heard in Courtroom __, of the above-entitled court, located at _________________________________, California, Defendant SELECT PORTFOLIO SERVICING, INC. ("SPS"), will and hereby do move this Court to dismiss the Complaint against it in this case.

The Motion is brought pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) on the grounds that the entire Complaint and each purported cause of action contained therein fails to state a claim upon which relief can be granted against SPS:

1. SPS moves to dismiss Plaintiffs' Complaint, and each cause of action contained therein, on the basis that Plaintiffs fail to state a claim upon which relief may be granted.

2. SPS moves to dismiss Plaintiffs' Complaint, and each cause of action contained therein, on the basis that Plaintiffs fail to state a claim upon which relief may be granted because the Complaint does not allege a case or controversy against SPS which no longer has any role relating to the loan at issue in the case.

3. SPS moves to dismiss Plaintiffs' First Cause of Action for "Declaratory Relief (CCP § 1060)" on the basis that Plaintiffs fail to state a claim upon which relief can be granted because A) Plaintiffs fail to allege the existence of an actual controversy as to SPS, B) Plaintiffs' preemptive attack on foreclosure cannot support any cause of action, C) the recorded documents reflect the chain of beneficial interest in the Deed of Trust, D) possession or production of the note is not required to foreclose, E) Plaintiffs' "forensic investigation" allegations should be disregarded, and F) Plaintiff cannot identify any valid substantive claim as to SPS.

4. SPS moves to dismiss Plaintiffs' Second Cause of Action for "Quiet Title (CCP § 760.020 et seq.)" on the basis that Plaintiffs fail to state a claim upon which relief can be granted because A) Plaintiffs cannot state a basis for superior title

as to the Deed of Trust, B) any outstanding debts must be paid prior to an action to quiet title, and C) Plaintiffs fail to allege all adverse claims to the Property.

5. SPS moves to dismiss Plaintiffs' Third Cause of Action for "Wrongful Foreclosure" on the basis that Plaintiffs fail to state a claim upon which relief can be granted because A) Plaintiff's allegations fail under *Twombly*, and B) Plaintiffs fail to allege substantial prejudice due to any defect.

6. SPS moves to dismiss Plaintiffs' Fourth Cause of Action for "Violation of FDCPA – 15 U.S.C. § 1692g(b)" on the basis that Plaintiffs fail to state a claim upon which relief can be granted because A) Plaintiffs fail to identify any conduct by SPS that violated any portion of the FDCPA or RFDCPA, B) enforcement of a real property lien is not considered "debt collection" under the FDCPA or RFDCPA.

7. SPS moves to dismiss Plaintiffs' Fifth Cause of Action for "Violation of FDCPA – 15 U.S.C. § 1692e" on the basis that Plaintiffs fail to state a claim upon which relief can be granted because A) Plaintiffs fail to identify any conduct by SPS that violated any portion of the FDCPA or RFDCPA, B) enforcement of a real property lien is not considered "debt collection" under the FDCPA or RFDCPA.

8. SPS moves to dismiss Plaintiffs' Sixth Cause of Action for "Violation of RESPA – 12 U.S.C. § 2605" on the basis that Plaintiffs fail to state a claim upon which relief can be granted because A) Plaintiffs have not allege a violation of any portion of RESPA, B) Plaintiffs have not demonstrated recoverable actual damages, and C) Plaintiffs do not state facts supporting a claim for statutory damages to SPS.

9. SPS moves to dismiss Plaintiffs' Seventh Cause of Action for "Violation of California Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 et seq.)" on the basis that Plaintiffs fail to state a claim upon which relief can be granted because A) Plaintiffs fail to identify any conduct by SPS that violated any portion of the FDCPA or RFDCPA, B) enforcement of a real property lien is not considered "debt collection" under the FDCPA or RFDCPA.

10. SPS moves to dismiss Plaintiffs' Eighth Cause of Action for "Violation of California Civil Code § 2924" on the basis that Plaintiffs fail to state a claim upon which relief can be granted because A) Plaintiffs fail to plead a violation as an Assignment of Deed of Trust was recorded reflecting transfer of the beneficial interest in the Deed of Trust from original beneficiary MERS to SPS, and B) the claim is moot as against SPS which no longer has any role relating to the loan.

11. SPS moves to dismiss Plaintiffs' Ninth Cause of Action for "Unfair Business Practices (Bus. & Prof. Code § 17200)" on the basis that Plaintiffs fail to state a claim upon which relief can be granted because A) Plaintiffs fail to allege any unfair, unlawful, or fradudulent business practice by SPS, B) Plaintiffs fail to plead a valid underlying claim, C) Plaintiffs lack standing to assert a section 17200 claim because they cannot allege lost money or property, and D) Plaintiffs cannot allege an act of SPS proximately cause any loss.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 22, 2026.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Request for Judicial Notice, the pleadings and records on file herein, and upon such oral and documentary evidence as may be presented by the parties at the hearing.

Dated: July 28, 2026

KUTAK ROCK LLP

By: /s/ *Steven M. Dailey*
Steven M. Dailey
Attorneys for Defendant
SELECT PORTFOLIO SERVICING, INC.

# TABLE OF CONTENTS

**Page(s)**


I. INTRODUCTION .......... 10

II. STATEMENT OF FACTS .......... 10

III. THE MOTION TO DISMISS SHOULD BE GRANTED BECAUSE PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED .......... 12

IV. THE COMPLAINT DOES NOT PRESENT A CASE OR CONTROVERSY AS TO SPS .......... 13

V. PLAINTIFFS' FIRST CAUSE OF ACTION FOR "DECLARATORY JUDGMENT (CCP § 1060)" MUST FAIL .......... 13

- A. Plaintiffs Fail to Allege the Existence of an Actual Controversy as to SPS .......... 14
- B. Plaintiffs' Preemptive Attack on Foreclosure Cannot Support Any Cause of Action .......... 14
- C. The Recorded Documents Reflect the Chain of Beneficial Interest in the Deed of Trust .......... 15
- D. Possession of the Note Is Not Required to Foreclose .......... 15
- E. Plaintiffs' "Forensic Investigation" Allegations Should Be Disregarded .......... 16
- F. Plaintiffs Cannot Identify any Valid Substantive Claim as to SPS .......... 17

VI. PLAINTIFFS' SECOND CAUSE OF ACTION FOR "QUIET TITLE (CCP § 760.020, ET SEQ.)" MUST FAIL .......... 18

- A. Plaintiffs Cannot State a Basis for Superior Title as to the Deed of Trust .......... 18
- B. Any Outstanding Debts Must Be Paid Prior to an Action to Quiet Title .......... 18
- C. Plaintiffs Fail to Allege All Adverse Claims to the Property .......... 18

VII. PLAINTIFFS' THIRD CAUSE OF ACTION FOR "WRONGFUL FORECLOSURE" MUST FAIL .......... 19

- A. Plaintiffs' Allegations Fail Under Twombly .......... 19
- B. Plaintiffs Fail to Allege Substantial Prejudice Due to any Defect .......... 20

VIII. PLAINTIFFS' FOURTH CAUSE OF ACTION FOR "VIOLATION OF FDCPA – 15 U.S.C .......... 20

- A. Plaintiffs Fail to Identify any Conduct by SPS that Violated Any Portion of the FDCPA or RFDCPA .......... 21
- B. Enforcement of a Real Property Lien Is Not Considered "Debt Collection" under the FDCPA or RFDCPA .......... 21

IX. PLAINTIFFS' SIXTH CAUSE OF ACTION FOR "VIOLATION OF RESPA – 12 U.S.C .......... 22

A. Plaintiffs Have Not Alleged a Violation of RESPA ........ 22

B. Plaintiffs Have Not Demonstrated Recoverable Actual Damages ..... 22

C. Plaintiffs Do Not State Facts Supporting a Claim for Statutory Damages ........ 23

X. PLAINTIFFS' EIGHTH CAUSE OF ACTION FOR "VIOLATION OF CALIFORNIA CIVIL CODE § 2924" MUST FAIL ........ 24

XI. PLAINTIFFS' NINTH CAUSE OF ACTION FOR "UNFAIR BUSINESS PRACTICES (BUS ........ 24

A. Plaintiffs Fail to Allege an Unfair, Unlawful, or Fraudulent Practice by SPS ........ 24

B. Plaintiffs Fail to Plead a Valid Underlying Claim ........ 25

C. Plaintiffs Lack Standing to Assert a Section 17200 Claim Because Plaintiffs Cannot Allege Lost "Money or Property" ........ 25

D. Plaintiffs Cannot Allege an Act of SPS Proximately Caused Loss ........ 25

XII. CONCLUSION ........ 26

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdallah v. United Sav. Bank*, 43 Cal.App.4th 1001 (1996) .......... 20

*Aguilar v. Bocci*, 39 Cal.App.3d 475 (1992) .......... 19

*Allen v. United Financial Mortg. Corp.*, 660 F.Supp.2d 1089 (N.D. Cal. 2009) .......... 23

*Ballistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1990) .......... 13

*Beliveau v. Caras*, 873 F. Supp. 1393 (C.D. Cal. 1995) .......... 13

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 14, 20, 25

*Chavez v. Indymac Mortgage Services*, 219 Cal.App.4th 1052 (2013) .......... 20

*Clark v. Countrywide Home Loans, Inc.*, 732 F. Supp. 2d 1038 (E.D. Cal. 2010) .......... 23

*Cooper Companies v. Transcon. Ins. Co.*, 31 Cal.App.4th 1094 (1995) .......... 17

*Countrywide Home Loans, Inc. v. Mortgage Guar. Ins. Corp.*, 642 F.3d 849 (9th Cir. 2011) .......... 18

*Das v. WMC Mortgage Corp.* (N.D. Cal. 2012) 2012 WL 1657111 .......... 23

*Davidson v. Countrywide Home Loans, Inc.* (S.D. Cal. Mar. 29, 2011) 2011 WL 1157569 .......... 23

*Debrunner v. Deutsche Bank Nat. Trust Co.*, 204 Cal.App.4th 433 (2012) .......... 17

*Dills v. Delira Corp.*, 145 Cal.App.2d 124 (1956) .......... 18

*Durell v. Sharp Healthcare*, 183 Cal.App.4th 1350 (2010) .......... 25, 26

*Durland, supra,* at *4 .......... 24

*Ebensteiner Co., Inc. v. Chadmar Group*, 143 Cal.App.4th 1174 (2006) .......... 14

*Fidel v. Deutsche Bank Nat. Tr. Co. ex rel. Long Beach Mortg. Tr. 2006-1* (W.D. Wash. June 14, 2011) .......... 17

*Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256 (2011) .......... 15, 16, 20, 21

*Fullmer v. JPMorgan Chase Bank, N.A.*, 2010 WL 95206 (E.D. Cal. Jan. 6, 2010) .......... 24

*Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149 (2011) .......... 15

*Hernandez v. Cal. Reconveyance Co.*, 2009 WL 464462 (E.D. Cal. Feb. 23, 2009) .......... 22

*Ines v. Countrywide Home Loans*, 2008 WL 4791863 (S.D. Cal. Nov. 3, 2008) .......... 22

*Jenkins v. JPMorgan Chase Bank, N.A.*, 216 Cal.App.4th 497 (2013) .......... 26, 27

*Khoury v. Maly's of California* 14 Cal.App.4th 612 (1993) .......... 25

*Lal v. Am. Home Serv., Inc.*, 680 F.Supp.2d 1218 (E.D. Cal. 2010) .......... 24

*Lueras v. BAC Home Loans Servicing, LP*, 221 Cal.App.4th 49 (2013) .......... 19

*Matulka v. M & T Bank*, 2013 WL 991668 (D. Neb. Mar. 12, 2013) .......... 17

*Melendrez v. D&I Investment, Inc.*, 127 Cal.App.4th 1238 (2005) .......... 21

*Morgera v. Countrywide Home Loans, Inc.*, 2010 WL 160348 (E.D. Cal., Jan. 11, 2010) .......... 23

*Nool v. Homeq Servicing*, 2009 WL 2905745 (E.D. Cal. 2009) .......... 26

*In re Norwood*, 2010 WL 4642447 (Bankr. N.D. Ga. Oct. 25, 2010) .......... 18

*People v. Torres*, 33 Cal.App.4th 37 (1995) .......... 17

*Public Utilities Comm'n v. Federal Energy Regulatory Comm'n*, 100 F.3d 1451 (9th Cir. 1996) .......... 14

*Robinson v. Managed Accounts Receivables Corp.*, 654 F.Supp.2d 1051 (C.D. Cal. 2009) .......... 22

*Rosal v. First Fed. Bank of Cal.*, 2009 U.S. Dist. LEXIS 60400 (N.D. Cal. July, 15, 2009) ..... 22

*Saterbak v. JPMorgan Chase Bank, N.A.*, 245 CalApp.4th 808 ..... 15, 21

*Selby v. Bank of America, Inc*. 2011 WL 902182 (S.D. Cal. March 14, 2011) ..... 24

*Singh v. Wash. Mut. Bank*, No. C–09–2771, 2009 WL 2588885 (N.D. Cal. Aug. 19, 2009) ..... 24

*Subramani v. Wells Fargo Bank, N.A.*, 2015 WL 1138449 (N.D. Cal. Mar. 13, 2015) ..... 17

*Sullivan v. JP Morgan Chase Bank, N.A.*, 725 F.Supp.2d 1087 (E.D. Cal. June 30, 2010) ..... 23

*Travers v. Louden*, 254 Cal.App.2d 926 (1967) ..... 15

*Twain Harte Homeowners Ass'n v. Patterson*, 193 Cal.App.3d 184 (1987) ..... 19

*Yvanova v. New Century Mortgage Corp.*, 62 Cal.4th 919 (2016) ..... 16

**Statutes**

12 U.S.C.
§ 2605 ..... 23
§ 2605(e)(2) ..... 23
§ 2605(f) ..... 24

15 U.S.C.
§ 1692E ..... 21
§ 1692G(B) ..... 21

28 U.S.C.
§ 2201 ..... 15
§ 2201(a) ..... 18

Bus. & Prof. Code
§ 17200 ..... 25, 26
§ 17200, et seq. ..... 25
§ 17204 ..... 26

Civ. Code
§ 2924 ..... 25
§ 2924(a)(1) ..... 17

Code Civ. Proc.
§ 761.020(b) ..... 19
§ 761.020(c) ..... 19

**Other Authorities**

Federal Rules of Civil Procedure, Rule 12(b)(6) ..... 10, 12

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant SELECT PORTFOLIO SERVICING, INC. ("SPS") hereby submits the following in support of its Motion to Dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6).

## I. INTRODUCTION.

Plaintiffs filed this case attacking authority to foreclose. First, SPS is no longer alleged to have any role relating to this loan, and the claims are moot and misplaced as alleged against it. Second, under established California case authority, Plaintiffs lack a preemptive right to challenge the authority of the foreclosing entity in advance of a trustee's sale. Third, Plaintiffs claim that there are no recorded assignments fails as judicially noticeable assignments clearly demonstrate the chain of title from the original beneficiary under the Deed of Trust to the current foreclosing beneficiary. Fourth, Plaintiffs' claim that SPS did not produce the original note fails, as possession or production of the original note is not required to foreclose. Fifth, Plaintiffs' claims for violations of Real Estate Settlement Procedures Act ("RESPA") and the Fair Debt Collection Practices Act ("FDCPA") fail absent any violative conduct and resulting injuries. For these, and the other reasons addressed herein, SPS requests that the Court dismiss the case, without leave to amend.

## II. STATEMENT OF FACTS.

Plaintiffs allege they own the real property located at 107 Las Flores Drive, Guadalupe, California 93434 ("Property"). (Complaint, pars. 2, 18.) On September 23, 2021, Plaintiffs obtained a $418,500.00 loan from Loan Depot.com, LLC that was secured by the Property. (Complaint, pars. 3-4, 25 and Ex ."A".) On September 30, 2021, a Deed of Trust given by Plaintiffs in the amount of $418,500.00 ("Deed of Trust") was recorded. (Complaint, pars. 4, 27-28 and Ex. "B"; Request for Judicial Notice ("RJN"), Ex. "A".) The Deed of Trust identifies LoanDepot.com, LLC as the Lender and Mortgage Electronic Registration Systems, Inc. as the beneficiary

nominee for Lender and Lender's successors and assigns. (Complaint, pars. 4, 27-28 and Ex. "B"; RJN, Ex. "1".)

Plaintiffs claim that on June 7, 2024, a "forensic investigation" by a "licensed private investigator" revealed that "the payment stream" was identified within the "Guaranteed REMIC Pass-Through Certificates Fannie Mae REMIC Trust 2021-77." (Complaint, pars. 8, 37.) Plaintiffs do not attach any report relating to a purported "forensic investigation".

Plaintiffs allege that SPS began servicing the loan on September 3, 2024. (Complaint, par. 23.) On December 16, 2024, a Corporate Assignment of Deed of Trust was recorded reflecting transfer of the beneficial interest in the Deed of Trust from original beneficiary MERS to SPS. (RJN, Ex. "B".) On April 29, 2025, a Substitution of Trustee was recorded reflecting that Defendant AMERICA WEST LENDER SERVICES, LLC was appointed as successor trustee. (RJN, Ex. "C".) This Substitution of Trustee was executed by SPS as beneficiary of the Deed of Trust. (RJN, Ex. "C".)

On October 23, 2025, a Notice of Default was recorded due to Plaintiffs' default under the Deed of Trust. (RJN, Ex. "D"; Complaint, pars. 5, 30.) The Notice of Default reflects that Plaintiffs were due for their May 1, 2024 payment and payments due thereafter. (RJN, Ex. "D".)

Plaintiffs state that on November 25, 2025, they sent SPS a Qualified Written Request ("QWR") demanding validation including the original endorsed Note and recorded assignments. (Complaint, pars. 6, 33.) Plaintiffs claim that, on December 10, 2025, SPS responded to the QWR and indicated that "the owner of the mortgage loan is Freddie Mac." (Complaint, pars. 7, 35.) Plaintiffs do not attach this letter to their Complaint.

Plaintiffs claim that, on January 14, 2026, Defendant U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST AND

SELECT PORTFOLIO SERVICING, INC.SELECT PORTFOLIO SERVICING, INC. ("U.S. BANK, as Trustee") sent Plaintiffs a letter indicating that it was the owner of the loan. (Complaint, pars. 9, 39.) "The letter further states that the transfer 'has not been publicly recorded.'" (Complaint, pars. 9, 39). Plaintiffs do not attach this letter to their Complaint.

Plaintiffs state that, on February 9, 2026, servicing of the loan transferred to SELENE FINANCE LP ("SELENE"). (Complaint, par. 11.) On March 24, 2026, an Assignment of Deed of Trust was recorded reflecting that the beneficial interest in the Deed of Trust was transferred from SPS to Defendant U.S. BANK, as Trustee. (RJN, Ex. "E".) On May 20, 2026, a Substitution of Trustee was recorded reflecting that Defendant MTC Financial Inc. dba Trustee Corps was appointed as successor trustee. (RJN, Ex. "F"; Complaint, par. 13.) On May 27, 2026, a Notice of Trustee's Sale was recorded noticing a sale date of July 8, 2026 due to Plaintiffs' default under the Deed of Trust. (RJN, Ex. "G".)

Plaintiffs filed their Complaint in state court on June 22, 2026 attacking the chain of title and authority to foreclose, and claiming statutory violations relating to loan servicing. On June 25, 2026, the state court granted Plaintiff's ex parte application for a temporary restraining order as to foreclosure proceedings. The case was removed to this Court on July 20, 2026.

## III. <u>THE MOTION TO DISMISS SHOULD BE GRANTED BECAUSE PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.</u>

A Rule 12(b)(6) motion is similar to the common law general demurrer: *i.e.*, it tests the legal sufficiency of the claims stated in the complaint. The court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy. (*Beliveau v. Caras,* 873 F. Supp. 1393, 1395 (C.D. Cal. 1995).) Rule 12(b)(6) may be used to dismiss claims where alleged facts do not give rise to a legal remedy. (*Ballistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).) A complaint

must be dismissed if it does not plead "enough facts to state a claim for relief that is plausible on its face." (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).) Plaintiffs have not alleged facts indicating any claim for relief and thus has failed to state a claim as to SPS.

## IV. THE COMPLAINT DOES NOT PRESENT A CASE OR CONTROVERSY AS TO SPS.

A federal court lacks jurisdiction unless there is a "case or controversy" under Article III of the Constitution. (*See Public Utilities Comm'n v. Federal Energy Regulatory Comm'n,* 100 F.3d 1451, 1458 (9th Cir. 1996).) The policy behind a mootness dismissal is that courts decide "actual controversies" and normally will not render "advisory opinions." (*Ebensteiner Co., Inc. v. Chadmar Group*, 143 Cal.App.4th 1174, 1178-1179 (2006).) SPS no longer has any role relating to the loan or the current nonjudicial foreclosure proceedings, and it is unclear what relief they seek against it. Plaintiffs allege that SPS began servicing the loan on September 3, 2024. (Complaint, par. 23.) On December 16, 2024, a Corporate Assignment of Deed of Trust was recorded reflecting transfer of the beneficial interest in the Deed of Trust from MERS to SPS. (RJN, Ex. "B".) On February 9, 2026, however, Plaintiffs allege servicing of the loan transferred to SELENE. (Complaint, par. 11.) The March 24, 2026-recorded Assignment reflects the Deed of Trust was transferred from SPS to Defendant U.S. BANK, as Trustee. (RJN, Ex. "E".) Based on this, SPS is not the loan servicer, and is not the record beneficiary of the Deed of Trust. SPS is not alleged to have any role relating to the loan, and the claims are moot and misplaced as alleged against it.

## V. PLAINTIFFS' FIRST CAUSE OF ACTION FOR "DECLARATORY JUDGMENT (CCP § 1060)" MUST FAIL.

Plaintiffs allege there is a controversy as to standing to enforce the Note or Deed of Trust, whether the chain of title is complete and proper, whether the Note was properly transferred, whether the Notice of Default is valid, the identity of the

"note holder" and whether any Defendant "can identify the proper recipient of tender". (Complaint, par. 59.)

**A. Plaintiffs Fail to Allege the Existence of an Actual Controversy as to SPS.**

The Declaratory Judgments Act, 28 U.S.C. Section 2201, provides for declaratory relief where there is an "actual controversy." Declaratory relief is inapplicable where it is aimed at redress for alleged past wrongs. (*Travers v. Louden*, 254 Cal.App.2d 926, 928-929 (1967).) As stated above, SPS is no longer servicing the loan, as SELENE began servicing it on February 9, 2026, and SPS is no longer the beneficiary of the Deed of Trust based on the March 24, 2026-recorded Assignment. (Complaint, par. 11; RJN, Ex. "E".) There is no actual controversy to be the basis of any request for declaratory judgment as to SPS.

**B. Plaintiffs' Preemptive Attack on Foreclosure Cannot Support Any Cause of Action.**

Plaintiffs claim "no Defendant has standing…and the foreclosure is invalid," and there is a purported controversy as to "whether any Defendant has standing to enforce the Note or Deed of Trust." (Complaint, pars. 59-60.) It is well established in California case law that a borrower lacks a preemptive right to challenge authority of foreclosing parties in advance of a trustee's sale. The court in *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149, 1155 (2011), determined no cause of action exists for a claim challenging authority to foreclose based on speculative facts. The court stated "[t]he recognition of the right to bring a lawsuit to determine a nominee's authorization to proceed with foreclosure on behalf of the noteholder would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delay[]." (*Id.* at 1155.) In *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256, 260, 269 (2011), the court affirmed an order sustaining a demurrer of a case brought as a preemptive attack on authority to foreclose. (*Id.*; *see also Saterbak v. JPMorgan Chase Bank,*

*N.A.*, 245 CalApp.4th 808, 811, 814 (2016) (finding lack of standing to attack an assignment, stating "Courts in California do not allow such preemptive suits because they 'would result in the impermissible interjection of the courts into a nonjudicial scheme enacted by the California Legislature'.")) Plaintiffs lack a preemptive right to challenge the authority of Defendants in advance of foreclosure.

**C. The Recorded Documents Reflect the Chain of Beneficial Interest in the Deed of Trust.**

Plaintiffs claim there is a controversy related to the chain of title – they are incorrect. (*See* Complaint, par. 59.) The judicially noticeable recorded documents reflect a very clear chain of title of the beneficial interest in the Deed of Trust. On December 16, 2024, a Corporate Assignment of Deed of Trust was recorded reflecting that the beneficial interest in the Deed of Trust was transferred from the original beneficiary MERS to SPS (RJN, Ex. "B"), and on March 24, 2026, an Assignment of Deed of Trust was recorded reflecting that the beneficial interest was transferred from SPS to U.S. Bank, as Trustee. (RJN, Ex. "E".) Plaintiffs claim that there are no Assignments, or that the chain of title is somehow incomplete. However, these judicially noticeable Assignments leave no question about the current record ownership of the loan. Plaintiffs' attack on the Assignment to US BANK, as Trustee also fails, as they have not pleaded any facts that the Assignment from SPS to US BANK, as Trustee is void. (*See Yvanova v. New Century Mortgage Corp.*, 62 Cal.4th 919, 924 (2016) (making a self-declared narrow holding that, in a post-foreclosure action for the wrongful, nonjudicial foreclosure of a deed of trust securing a home loan, a borrower has standing to challenge an assignment of a note and deed of trust based on defects allegedly rendering the assignment *void*.))

**D. Possession of the Note Is Not Required to Foreclose.**

Plaintiffs claim Defendants has not produced the "original Note" with endorsements. (Complaint, pars. 6, 33, 49, 78, 89.) The court in *Fontenot, supra,* rejected a challenge to foreclosure based on the foreclosing party not having a

"possessory interest in the note." The court in *Debrunner v. Deutsche Bank Nat. Trust Co.,* 204 Cal.App.4th 433 (2012) also confirmed no such requirement exists and stated California "does not mandate physical possession of the underlying promissory note" for foreclosure to be valid. There are several entities that may participate in a nonjudicial foreclosure. Civil Code section 2924(a)(1) provides "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents" may commence a non-judicial foreclosure by recording and serving a notice of default. (Civil Code § 2924(a)(1).) There is no requirement the note be possessed or produced before foreclosing.

### E. Plaintiffs' "Forensic Investigation" Allegations Should Be Disregarded.

Plaintiffs may not rely on a "forensic investigation" by a claimed "private investigator" regarding ownership of the loan. Plaintiffs do not even submit the private investigator's supposed affidavit which they claim to have in their possession. (*See* Complaint, pars. 8, 37.) First, expert testimony is not appropriate for interpretation of legal documents. (*People v. Torres*, 33 Cal.App.4th 37, 45-46 (1995) (expert's interpretation of the meaning/purpose of a statute held improper); *Cooper Companies v. Transcon. Ins. Co*., 31 Cal.App.4th 1094, 1100 (1995) (expert's interpretation of the meaning of a contract is inappropriate); *Fidel v. Deutsche Bank Nat. Tr. Co. ex rel. Long Beach Mortg. Tr. 2006-1* (W.D. Wash. June 14, 2011) WL 2436134, at *1 (disregarding a "Securitization Audit and Forensic Audit," stating, "Plaintiffs must state facts sufficient to state a claim for relief in the complaint, rather than rely on legal conclusions from a report."))

Beyond this, "reports" such as these have been found to be impertinent, immaterial, and are often discredited by courts. (*See Subramani v. Wells Fargo Bank, N.A.,* 2015 WL 1138449, at *3-5 (N.D. Cal. Mar. 13, 2015) (sustaining objection to forensic loan auditor report on grounds that declarant's opinions were conclusory and unreliable); *Matulka v. M & T Bank*, 2013 WL 991668, at *5 (D. Neb. Mar. 12, 2013)

(considering a "forensic mortgage analysis" report that claimed there was a "fabricated foreclosure transaction," stating it was "impertinent and scandalous," "immaterial," and "has not legal significance."); *In re Norwood,* 2010 WL 4642447, at *2 (Bankr. N.D. Ga. Oct. 25, 2010) (stating the court "is quite confident that there is no such thing as a "Certified Forensic Loan Audit" or a "certified forensic auditor," and "In any event, the documents make no more sense than anything else in the Debtor's papers and confirm the empty gimmickery of these types of claims.")) In fact, the Federal Trade Commission issued a "Consumer Alert" regarding "Forensic Mortgage Loan Audit Scams." (*See In re Norwood,* 2010 WL 4642447, at *2, n.2; https://www.ftc.gov/news-events/press-releases/2010/05/phony-audits-new-twist-foreclosure-rescue-scams). The State of California, Department of Real Estate also issued a Consumer Alert entitled "Fraud Warning Regarding Forensic Loan Audits" (February 2010). (*In re Norwood,* 2010 WL 4642447, at *2, n.2 (citing a link that is not active as of the time of this filing).) This Court should disregard the allegations related to some report of an alleged forensic examiner.

**F. Plaintiffs Cannot Identify any Valid Substantive Claim as to SPS.**

The Declaratory Relief Act gives "any court of the United States" the power to declare the rights and legal relations of an interested party seeking such a declaration. (28 U.S.C. § 2201(a).) But declaratory relief is only a remedy and does not provide a separate basis for federal jurisdiction. (*Countrywide Home Loans, Inc. v. Mortgage Guar. Ins. Corp*., 642 F.3d 849, 852-53 (9th Cir. 2011); *Dills v. Delira Corp.,* 145 Cal.App.2d 124, 129 (1956) (Equitable remedies "are dependent upon a substantive basis for liability, [and] they have no separate viability" if all the plaintiff's other claims fail.)) Because declaratory relief is a remedy, it is available only where a plaintiff asserts a viable cause of action. As addressed herein, Plaintiffs' Complaint does not adequately allege a substantive cause of action as against SPS.

## VI. PLAINTIFFS' SECOND CAUSE OF ACTION FOR "QUIET TITLE (CCP § 760.020, ET SEQ.)" MUST FAIL.

Plaintiffs allege that they seek a judicial determination that Defendants have no interest in the Property and that Plaintiffs hold title free and clear of any claims by Defendants." (Complaint, par. 72.)

### A. Plaintiffs Cannot State a Basis for Superior Title as to the Deed of Trust.

Code of Civil Procedure section 761.020(b) requires a plaintiff allege "a basis of [the Plaintiffs'] title." To state a quiet title cause of action, a plaintiff must state facts establishing he or she has superior title to the real property in dispute. (*Twain Harte Homeowners Ass'n v. Patterson,* 193 Cal.App.3d 184, 188 (1987).) SPS incorporates the arguments in Section V above. This claim fails as against SPS, as it is no longer alleged to have any role relating to the loan. (RJN, Exs. "B", "E"; Complaint, par. 11.) Furthermore, Plaintiffs do not allege superior title as to the Deed of Trust based on their attack on authority to foreclose.

### B. Any Outstanding Debts Must Be Paid Prior to an Action to Quiet Title.

To maintain a cause of action for quiet title, a plaintiff must pay any debts secured by the property before filing the action. A plaintiff cannot "quiet title without discharging his debt. The cloud upon his title persists until the debt is paid." (*Aguilar v. Bocci,* 39 Cal.App.3d 475, 477 (1992); *see also see also Lueras v. BAC Home Loans Servicing, LP*, 221 Cal.App.4th 49, 86 (2013) ("A borrower may not ... quiet title against a secured lender without first paying the outstanding debt on which the mortgage or deed of trust is based.")) Plaintiffs have not alleged that they have paid the loan secured by the Deed of Trust. This is fatal to their quiet title claim.

### C. Plaintiffs Fail to Allege All Adverse Claims to the Property.

In order to state a claim for quiet title, a plaintiff must allege "[t]he adverse claims to the title of the plaintiff against which a determination is sought." (Code

Civ. Proc. § 761.020(c).) Plaintiffs fail to sufficiently identify all adverse claims or allege that no other liens exist.

## VII. <u>PLAINTIFFS' THIRD CAUSE OF ACTION FOR "WRONGFUL FORECLOSURE" MUST FAIL.</u>

Plaintiffs allege the pending nonjudicial foreclosure proceeding is wrongful based on their attack on authority to foreclose, assignments, and chain of title issues. (Complaint, pars. 78-79.)

### A. Plaintiffs' Allegations Fail Under *Twombly.*

A complaint must be dismissed if it does not plead "enough facts to state a claim for relief that is plausible on its face." (*Twombly*, 550 U.S. at 570.) Under California law, to "maintain a wrongful foreclosure claim, a plaintiff must allege that (1) the defendants caused an illegal, fraudulent, or willfully oppressive sale of the property pursuant to a power of sale in a mortgage or deed of trust; (2) the plaintiff suffered prejudice or harm; and (3) the plaintiff tendered the amount of the secured indebtedness or was excused from tendering." (*Chavez v. Indymac Mortgage Services*, 219 Cal.App.4th 1052, 1062 (2013).) It is Plaintiffs' burden to demonstrate impropriety in the foreclosure process. (*Fontenot*, 198 Cal.App.4th at 269.)

Preliminarily, Plaintiffs' wrongful foreclosure claims fail, as this Court previously found, because <u>no sale has occurred.</u> As under *Chavez*, 219 Cal.App.4th at 1062, a prerequisite to a wrongful foreclosure claim is that "defendants caused an illegal, fraudulent, or willfully oppressive sale of the property."

Second, Plaintiffs have not alleged tender. (*Chavez*, 219 Cal.App.4th at 10621 *see also Abdallah v. United Sav. Bank*, 43 Cal.App.4th 1001, 1109 (1996) (affirming sustaining of demurrer without leave to amend and stating "The tender requirement applies to "any cause of action for irregularity in the sale procedure," and must be made prior to initiating the lawsuit.").)

Third, Plaintiffs fail to allege any "illegal, fraudulent, or willfully oppressive" conduct. (*Chavez,* 219 Cal.App.4th at 1062.) SPS incorporates the arguments in

Section V above. Plaintiffs improperly bring a preemptive attack on a sale that has not occurred, as discussed above. (*Saterbak,* 245 CalApp.4th at 814.)_ The attack on Assignment and authority to foreclose fails, as discussed above. SPS assigned the Deed of Trust to US BANK, as Trustee. (*See* RJN, Ex. "E".) Absent facts as to any particular irregularity in the sale, or void document, these claims must fail.

**B. Plaintiffs Fail to Allege Substantial Prejudice Due to any Defect.**

To challenge a trustee's sale based on any claimed irregularity in the foreclosure process, a plaintiff must plead and prove substantial prejudice resulting from the alleged defect. (*Melendrez v. D&I Investment, Inc.*, 127 Cal.App.4th 1238, 1257 (2005).) Plaintiffs fail to allege any prejudice suffered as a result of any irregularity in the foreclosure process. Plaintiffs do not deny defaulting on the loan and do not allege actual tender of all amounts due. Additionally, claims related to improper securitization or invalid assignments fail as they cannot support a claim for prejudice. (*Fontenot*, 198 Cal.App.4th at 272 (finding no prejudice when "Plaintiff effectively concedes she was in default, and she does not allege that the transfer to HSBC interfered in any manner with her payment of the note…nor that the original lender would have refrained from foreclosure under the circumstances presented."))

**VIII. PLAINTIFFS' FOURTH CAUSE OF ACTION FOR "VIOLATION OF FDCPA – 15 U.S.C. § 1692g(b)," FIFTH CAUSE OF ACTION FOR "VIOLATION OF FDCPA – 15 U.S.C. § 1692e," AND SEVENTH CLAIM FOR "VIOLATION OF CALIFORNIA ROSAENTHAL FAIR DEBT COLLECTION PRACTICES ACT" MUST FAIL.**

Plaintiffs allege on "November 25, 2025, Plaintiffs formally disputed the debt in writing". (Complaint, par. 85.) They claim SELENE issued a payoff statement on April 2, 2026 without providing validation. (Complaint, par. 88.) As to SPS, they claim it has failed to provide proper "validation" through producing the original note, recorded assignments, or "proof" of standing to collect. (Complaint, pars. 89-90, 111.) They also claim SPS represented on December 10, 2025 that the owner of the

loan was Freddie Mac. (Complaint, pars. 93, 111.) They have not sufficiently pleaded facts of an FDCPA or RFDCPA violation as to SPS.

**A. Plaintiffs Fail to Identify any Conduct by SPS that Violated Any Portion of the FDCPA or RFDCPA.**

Plaintiffs must allege "sufficient factual averments show that the claimant may be entitled to some relief." (*Robinson v. Managed Accounts Receivables Corp*.,654 F.Supp.2d 1051, 1058 (C.D. Cal. 2009) (discussing the requisite specificity for pleading a FDCPA claim); *Hernandez v. Cal. Reconveyance Co.,* 2009 WL 464462, at *5 (E.D. Cal. Feb. 23, 2009) (holding that a RFDCPA claim failed because the complaint lacked allegations of harassment or abuse, false or misleading representations of the debt collector's identity, or unfair practices during the process of collecting debt).) Plaintiffs' FDCPA and RFDCPA claims fail as against SPS. SPS incorporates the arguments in Section V above. The payoff statement allegation is pleaded as to SELENE, not SPS. Plaintiffs do not allege facts that Freddie Mac had no interest in the loan when SPS allegedly made that representation on December 10, 2025. They fail to allege facts of any particular violation by SPS before servicing transferred to SELENE on February 9, 2026. (*See Rosal v. First Fed. Bank of Cal*., 2009 U.S. Dist. LEXIS 60400 (N.D. Cal. July, 15, 2009) (dismissing the plaintiff's complaint where it did not allege facts giving rise to the inference that any of the defendants is a debt collector as defined by the RFDCPA nor assert what provisions of the RFDCPA defendants allegedly violated).)

**B. Enforcement of a Real Property Lien Is Not Considered "Debt Collection" under the FDCPA or RFDCPA.**

Plaintiffs' allegations as to Defendants' ability to enforce the Deed of Trust do not implicate the RFDCPA. This does not constitute "debt collection". (*See Ines v. Countrywide Home Loans*, 2008 WL 4791863, *3 (S.D. Cal. Nov. 3, 2008) ("The Court finds that the Complaint arises out of the allegedly unlawful foreclosure on Plaintiff's property pursuant to a deed of trust, which does not fall within the meaning

of the RFDCPA or the FDCPA"); *Morgera v. Countrywide Home Loans, Inc*., 2010 WL 160348, at *3 (E.D. Cal., Jan. 11, 2010) ("California courts have declined to regard a residential mortgage loan as a 'debt' under the RFDCPA" by citing authorities that had concluded that foreclosing pursuant to a deed of trust does not constitute debt collection); *Clark v. Countrywide Home Loans, Inc.,* 732 F. Supp. 2d 1038, 1048 (E.D. Cal. 2010) ("The conduct Plaintiff complains of concerns foreclosure related actions in connection with his residential mortgage. This conduct is not covered by the RFDCPA. For this reason, Plaintiff's RFDCPA claim is subject to dismissal.")) To the extent this cause of action is based on enforcement of the Deed of Trust, it fails.

## IX. PLAINTIFFS' SIXTH CAUSE OF ACTION FOR "VIOLATION OF RESPA – 12 U.S.C. § 2605" MUST FAIL.

Plaintiffs allege SPS violated section 12 U.S.C. section 2605(e)(2) of RESPA by not fully responding to their QWR. (Complaint, pars. 103-104.)

### A. Plaintiffs Have Not Alleged a Violation of RESPA.

"Plaintiffs' RESPA allegations do not meet 'the minimum threshold in providing [the defendant] with notice of what it is that it allegedly did wrong.'" (*Das v. WMC Mortgage Corp.* (N.D. Cal. 2012) 2012 WL 1657111, *8.) Plaintiffs allege they sent a Notice of Error and Request for Information to SPS, and while they disagreed with the response, they admits receipt of the response. (Complaint, pars. 99-105.)

### B. Plaintiffs Have Not Demonstrated Recoverable Actual Damages.

Even if Plaintiffs could allege a technical violation, which they have not, a RESPA cause of action fails absent allegations of "actual damages." (*Davidson v. Countrywide Home Loans, Inc.* (S.D. Cal. Mar. 29, 2011) 2011 WL 1157569, *4.) The court in *Allen v. United Financial Mortg. Corp*., 660 F.Supp.2d 1089, 1097 (N.D. Cal. 2009) stated "a number of courts have read the statute as requiring a showing of pecuniary damages in order to state a claim." (*See also, Sullivan v. JP Morgan Chase*

*Bank, N.A.,* 725 F.Supp.2d 1087, 1095 (E.D. Cal. June 30, 2010) (finding a failure to respond and the suffering of general damages is insufficient to state a claim under RESPA); *Fullmer v. JPMorgan Chase Bank, N.A*., 2010 WL 95206, at *6 (E.D. Cal. Jan. 6, 2010) ("A claim of a RESPA violation cannot survive a motion to dismiss when the Plaintiffs do not plead facts showing that the plaintiff suffered actual harm due to Defendants' failure to respond to a [QWR]."); *Singh v. Wash. Mut. Bank*, No. C–09–2771, 2009 WL 2588885, *5 (N.D. Cal. Aug. 19, 2009) (dismissing RESPA claim under *Iqbal* where plaintiffs "failed to allege any facts in support of their conclusory allegation that '[a]s a result' of defendants' failure to respond, defendants 'are liable for actual damages, costs, and attorney fees.'") As to actual damages, a plaintiff must "specify what they are." (*Selby v. Bank of America, Inc*. 2011 WL 902182, *5 (S.D. Cal. March 14, 2011).) Plaintiffs have not alleged any damages suffered due to any purported RESPA violation.

### C. Plaintiffs Do Not State Facts Supporting a Claim for Statutory Damages.

In addition to the lack of actual damages, Plaintiffs also do not state a claim for statutory damages, as they have not provided any facts that SPS engaged in a <u>pattern</u> of noncompliance with RESPA. (*See* 12 U.S.C. § 2605(f); *see also Lal v. Am. Home Serv., Inc*., 680 F.Supp.2d 1218, 1223 (E.D. Cal. 2010); *Durland, supra,* at *4 ("to state a claim for statutory damages, a borrower cannot allege only that the defendant engaged in a pattern of noncompliance with RESPA," but "Without adequate factual support, Plaintiff has failed to state a claim for statutory damages under RESPA.")) Plaintiffs base this claim against SPS against one sole alleged incomplete response, and they have not pleaded any facts of a "pattern or practice of noncompliance" as to SPS.

/ / /

/ / /

/ / /

## X. PLAINTIFFS' EIGHTH CAUSE OF ACTION FOR "VIOLATION OF CALIFORNIA CIVIL CODE § 2924" MUST FAIL.

Plaintiffs allege when the Notice of Default was recorded on October 23, 2025, there was no recorded assignment establishing that SPS or America West held the beneficial interest under the Deed of Trust." (Complaint, par. 115.) This is incorrect, as on December 16, 2024, a Corporate Assignment of Deed of Trust was recorded reflecting transfer of the beneficial interest in the Deed of Trust from original beneficiary MERS to SPS. (RJN, Ex. "B".) Plaintiffs fail to plead a violation of any portion of Civil Code Section 2924. Furthermore, SPS no longer has any interest in the loan or Property, and this claim fails as against it. (*See* RJN, Ex. "E"; *Twombly*, 550 U.S. at 570 (A complaint must be dismissed if it does not plead "enough facts to state a claim for relief that is plausible on its face.")

## XI. PLAINTIFFS' NINTH CAUSE OF ACTION FOR "UNFAIR BUSINESS PRACTICES (BUS. & PROF. CODE § 17200)" MUST FAIL.

Plaintiffs allege Defendants' conduct constitutes "unlawful, unfair, and fraudulent business practices" purportedly in violation of California Business and Professions Code sections 17200, et seq. (Complaint, pars. 121-122.)

### A. Plaintiffs Fail to Allege an Unfair, Unlawful, or Fraudulent Practice by SPS

The Court in *Khoury v. Maly's of California* 14 Cal.App.4th 612, 619 (1993) held a "reasonable particularity" pleading standard applies to a section 17200 claim. Where a plaintiff claims an unfair act or practice, a plaintiff must demonstrate the defendant's "conduct is tethered to an [] underlying constitutional, statutory or regulatory provision, or that it threatens an incipient violation of an antitrust law, or violates the policy or spirit of an antitrust law." (*Durell v. Sharp Healthcare,* 183 Cal.App.4th 1350, 1366 (2010).) It is not enough to allege the act violates public policy or is immoral, unethical, oppressive or unscrupulous. (*Id*. at 1365.)

Plaintiffs fail to sufficiently allege any unfair, deceptive, or unlawful practice with the requisite particularity as to SPS. SPS incorporates the arguments in Section V above. Plaintiffs' statutory claims fail, as addressed herein. They do not plead any claims based in deceit or fraud. The attack on authority to foreclose is improperly preemptive, and fails in light of the recorded complete chain of title. The claim further fails as against SPS which is no longer the servicer and transferred the Deed of Trust to US BANK, as Trustee. (RJN, Ex. "E"; Complaint, par. 11.) The Complaint also fails under the unfairness prong, as Plaintiffs cannot allege any conduct relating to this particular loan obligation offends a public policy tethered to any underlying constitutional, statutory or regulatory provision. (*Durell,* 183 Cal.App.4th at 1366.)

**B. Plaintiffs Fail to Plead a Valid Underlying Claim.**

"The viability of a claim under California Business and Professions Code sect. 17200, *et seq.*, depends on the viability of an underlying claim of unlawful conduct." (*Nool v. Homeq Servicing,* 2009 WL 2905745, *7 (E.D. Cal. 2009).) As discussed in this Motion, Plaintiffs' unfair business practices claim must fail with the other claims upon which it is based.

**C. Plaintiffs Lack Standing to Assert a Section 17200 Claim Because Plaintiffs Cannot Allege Lost "Money or Property".**

A private person has standing to assert a section 17200 claim only if he or she has (1) "suffered injury in fact," and (2) "lost money or property as a result of such unfair competition." (Bus. & Prof. Code § 17204.) Here, no lost "money or property" is apparent on the face of the pleading. Plaintiffs received the loan proceeds, and the Property has not sold.

**D. Plaintiffs Cannot Allege an Act of SPS Proximately Caused Loss.**

The decision *Jenkins v. JPMorgan Chase Bank, N.A.*, 216 Cal.App.4th 497 (2013), is controlling in which the court upheld a ruling sustaining a demurrer to a claim for a violation of section 17200 finding a plaintiff had to demonstrate a causal link between her economic injury, an impending foreclosure, and the alleged

unlawful acts. (*Jenkins*, 216 Cal.App.4th at 522-23.) The court stated Jenkins' injury was due to her own default on her loan, and she could not show any violations had a causal link to her economic injuries. (*Id.*) This is also the case here, as any foreclosure sale would be the result of the default on the loan. Absent injury, this claim must fail.

## XII. CONCLUSION.

SPS respectfully requests this Court grant the Motion to Dismiss without leave to amend.

Dated: July 28, 2026 KUTAK ROCK LLP

By: /s/ *Steven M. Dailey*
Steven M. Dailey
Attorneys for Defendant
SELECT PORTFOLIO
SERVICING, INC.

## L.R. 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant SELECT PORTFOLIO SERVICING, INC., certifies that this brief contains 5,321 words, which complies with the word limit of L.R. 11-6.1.

Dated: July 28, 2026 KUTAK ROCK LLP

By: /s/ *Steven M. Dailey*
Steven M. Dailey
Attorneys for Defendant
SELECT PORTFOLIO SERVICING, INC.

# PROOF OF SERVICE

*Thomas J. Corbett, et al. v. Selene Finance LP, et al.*
United States District Court, Central District of California

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Irvine in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 5 Park Plaza, Suite 1500, Irvine, California 92614-8595.

On **July 28, 2026,** I served on all interested parties as identified on the below service list the following document(s) described as:

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

| | |
|---|---|
| [X] | **(BY MAIL)** I deposited such envelope in the mail at Irvine, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this(these) document(s) will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. |
| [X] | **(BY EMAIL)** Pursuant to California Rule of Court 2.251(b)(1)(b) and C.C.P. Section 1010.6, the above document was served electronically on the parties appearing on the service list associated with this case at their respective email addresses. A copy of the electronic mail transmission[s] will be maintained with the proof of service document. |

**SEE ATTACHED SERVICE LIST**

[X] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 28, 2026, at Irvine, California.

*Wendy Bonsall*

**SERVICE LIST**

| | |
|---|---|
| **Via Email and U.S. Mail**<br><br>Tom Corbett<br>Laurie Corbett<br>107 Las Flores Dr.<br>Guadalupe, CA 93434 | Plaintiffs<br>Pro Se<br><br>Tel: 849-233-8872<br>Email: rhinodrive44@gmail.com<br>tomslove86@gmail.com |
| **Via Email**<br><br>David Lee Chafin<br>ALAW<br>5404 Cypress Center Drive, Suite 300<br>Tampa, FL 33609 | *Attorrneys for Defendant*<br>*AMERICA WEST LENDER SERVICES, LLC*<br><br>Tel: 877-751-8196 |
| **Via Email**<br><br>Gino D. Palmieri<br>WRIGHT FINLEY & ZAK<br>4665 MacArthur Court, Suite 200<br>Newport Beach, CA 92660 | *Attorneys for Defendants,*<br>*SELENE FINANCE LP and*<br>*U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST*<br><br>Tel: 949-477-5050<br>Email: gpalmieri@wrightlegal.net |
| **Via Email**<br><br>John Steele<br>Steele LLP<br>17272 Red Hill Avenue<br>Irvine, California 92614 | *MTC FINANCIAL INC. DBA TRUSTEE CORPS*<br><br>Tel: 949-222-1161<br>Email: jsteele@steelellp.com |