WRIGHT, FINLAY & ZAK, LLP
James J. Ramos, Esq., SBN 252916
Gino D. Palmieri, Esq. SBN 357968
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 608-9142

Attorneys for Defendants,
SELENE FINANCE LP; AND U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS J. CORBETT and LAURIE A. CORBETT,<br><br>Plaintiffs,<br>vs.<br><br>SELENE FINANCE LP; U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST; MTC FINANCIAL INC. DBA TRUSTEE CORPS; AMERICA WEST LENDER SERVICES, LLC; SELECT PORTFOLIO SERVICING, INC.; and DOES 1-20 inclusive,<br><br>Defendants. | Case No.: 2:26-cv-07992<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [FRCP Rules 12(b)(6)]**<br><br>*[Proposed Order and Request for Judicial Notice; filed concurrently herewith]*<br><br>Date:<br>Time:<br>Courtroom:<br><br>Removal filed: July 21, 2026 |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:**

**PLEASE TAKE NOTICE** that on ____________________ at _________ , in Courtroom _______ of the above-entitled District Court, located at 255 East Temple Street, Los Angeles, California, 90012, Defendants SELENE FINANCE LP ("Selene") and U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST ("U.S. Bank") (collectively, "Defendants"), will move this Court for an Order dismissing the Complaint of Plaintiffs THOMAS J. CORBETT and LAURIE A. CORBETT ("Plaintiffs"), pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(6), for the failure to state a claim upon which relief can be granted. This motion is made on the grounds that, after reviewing the conclusory allegations of the Complaint, Plaintiffs have failed to plead the essential facts which give rise to their claims and/or that said claims are barred (1) on their face, and/or (2) as a result of matters that may be judicially noticed by the Court.

This Motion is based upon this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities set forth below, the complete file and records in this action, the oral argument of counsel, if any, and such other and further evidence as the Court might deem proper.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: July 29, 2026 By: *s/ Gino D. Palmieri, Esq.*

James J. Ramos, Esq.
Gino D. Palmieri, Esq.
Attorneys for Defendants,
SELENE FINANCE LP; AND U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION .......... 6

II. STATEMENT OF FACTS .......... 6

III. ARGUMENT .......... 8

A. The entire Complaint – and each individual Cause of Action Asserted therein – lack sufficient facts .......... 9

B. The First Cause of Action for Declaratory Judgment lacks sufficient facts .......... 9

C. The Second Cause of Action for Quiet Title lacks sufficient sufficient facts .......... 10

D. The Third Cause of Action for Wrongful Foreclosure lacks sufficient facts .......... 13

E. The Fourth Cause of Action for Violation of FDCPA – 15 U.S.C. §1692g(b) lacks sufficient facts to state a cause of action against Selene .......... 15

F. The Fifth Cause of Action for Violation of FDCPA – 15 U.S.C. § 1692e lacks sufficient facts to state a cause of action Against Selene .......... 16

G. The Sixth Cause of Action for Violation of RESPA – 12 U.S.C. § 2605 lacks sufficient facts to state a cause of action against Selene .......... 17

H. The Seventh Cause of Action for Violation of California Rosenthal Fair Debt Collection Practices Act lacks sufficient Facts .......... 17

I. The Eighth Cause of Action for Violation of California Civil Code § 2924(a)(6) lacks sufficient facts .......... 18

J. The Ninth Cause of Action for Unfair Business Practices lacks Sufficient facts .......... 20

IV. CONCLUSION .......... 21

# TABLE OF AUTHORITIES

**Page No.**

**Cases**

*Aguilar v. Bocci*,
(1974) 39 Cal.App.3d 475,477-478 .......... 13

*Ashcroft v. Iqbal*,
556 U.S. 662, 679 (2009) .......... 8

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 555 (2007) .......... 8, 9

*Burns v. Hiatt*,
(1906) 149 Cal. 617, 621 .......... 13

*City of Cotati v. Cashman,*
(2002) 29 Cal. 4th 69, 80 .......... 10

*Clark v. Cap. Credit & Collection Servs., Inc.*,
(9th Cir. 2006) 460 F.3d 1162, 1173 .......... 15

*Debrunner v. Deutsche Bank National Trust Co.*,
(2012) 204 Cal.App.4th 433, 440 .......... 11

*Gomes v. Countrywide Home Loans, Inc.,*
(2011) 192 Cal.App.4th 1149, 1155 .......... 11, 14

*In re Stac Electronics Securities Litigation*,
89 F.3d 1399, 1403 (9th Cir. 1996) .......... 9

*Jozinovich v. JP Morgan Chase Bank, N.A.*,
Slip Copy, 2010 WL 234895, N.D. Cal., 2010 .......... 13

*Kalnoki v. First American Trustee Servicing Solutions, LLC,*
(2017) 8 Cal.App.5th 23, 42 .......... 11

*Maya v. Centex Corp.,*
658 F.3d 1060, 1067 (9th Cir. 2011) .......... 9

*Puckett v. Park Place Entertainment, Corp.*,
332 F. Supp. 2d 1349, 1352 (D. Nev. 2004) ....................................................8, 9
*Rossberg v. Bank of America, N.A.*,
(2013) 219 Cal.App.4th 1481, 1493 ....................................................................11
*Yvanova v. New Century Mortg. Corp.,*
(2016) 62 Cal. 4th 919, 929 ........................................................................13, 14

**Statutes**

15 *U.S.C.* § 1692e ....................................................................................................16
15 *U.S.C.* § 1692e(2)(A)...........................................................................................16
15 *U.S.C.* § 1692g....................................................................................................15
*Code Civ. Proc.* §760.010 .........................................................................................10
*Civ. Code* § 1788.17 ..................................................................................................18
*Fed. R. Civ. P.* 12(b)(6) ................................................................................................8

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs received $418,500.00 in loan proceeds. After they failed to make their loan payments, the property went into foreclosure. Plaintiffs allege that three separate entities have simultaneously claimed to be the beneficiary of the mortgage loan. Plaintiffs conveniently reason that "until this contradiction is resolved by judicial determination, no Defendant has established the legal authority to foreclose, and no Defendant can demand tender from Plaintiffs." (Complaint, ¶ 1). This is a classic case of improper delay tactics which are unnecessarily wasting judicial resources.

Notwithstanding the above, the fact remains that Plaintiffs' Complaint is deeply flawed by conclusory allegations which stem from their ineptitude to follow a recorded chain of title or comprehend the basic principles of a mortgage loan and its transferability. Each and every one of Plaintiffs' individual Causes of Action is defective in its own right (as discussed in greater depth herein). Accordingly, the Complaint must be dismissed.

## II. STATEMENT OF FACTS

1. Recorded Chain of Title

On September 23, 2021, Plaintiffs executed a Promissory Note ("Note") in favor of LoanDepot.com, LLC ("LoanDepot") in the amount of $418,500.00 ("Loan"). (Complaint, ¶ 3). The Loan was secured by a Deed of Trust ("Deed of Trust") recorded against certain real property located at 107 Las Flores Drive, Guadalupe, California 93434 ("Property"). (Complaint, Exhibit B). On September 30, 2021, the Deed of Trust was recorded in the Santa Barbara County Recorder's Office as Instrument No. 2021-0068835. (Id) (Complaint, ¶ 28) (*See* Request for Judicial Notice ("RJN"), Exhibit "1"). The Deed of Trust identifies LoanDepot as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and nominee for Lender and Lender's successors and assigns. (Id).

On or about September 3, 2024, Select Portfolio Servicing, Inc. ("SPS") began servicing the Loan. (Complaint, ¶ 23). On or about November 27, 2024, MERS executed a Corporate Assignment of Deed of Trust ("First Assignment") transferring all beneficial interest in the Deed of Trust from LoanDepot to SPS. (RJN, Exhibit "2"). The First Assignment was recorded on December 16, 2024, in the Santa Barbara County Recorder's Office as Instrument No. 2024-0037348. (Id). On April 29, 2025, a Substitution of Trustee ("First Substitution") was recorded reflecting that America West Lender Services, LLC ("America West") was appointed as successor trustee. (RJN, Exhibit "3"). The First Substitution was executed by SPS as beneficiary of the Deed of Trust. On October 23, 2025, a Notice of Default ("Notice of Default") was recorded by America West due to Plaintiffs' default under the Deed of Trust. (RJN, Exhibit "4"). The Notice of Default reflects that the Loan had been in default since May 1, 2024. (Id).

On or about January 27, 2026, SPS executed an Assignment of Deed of Trust ("Second Assignment") transferring all beneficial interest in the Deed of Trust to U.S. Bank. (RJN, Exhibit "5"). On February 9, 2026, servicing of the Loan transferred from SPS to Selene. (Complaint, ¶ 45). The Second Assignment was recorded on March 24, 2026, in the Santa Barbara County Recorder's Office as Instrument No. 2026-0009292. (RJN, Exhibit "5"). On May 20, 2026, a Substitution of Trustee ("Second Substitution") was recorded reflecting that MTC Financial Inc. dba Trustee Corps ("Trustee Corps") was appointed as successor trustee. (RJN, Exhibit "6"). The Second Substitution was executed by U.S. Bank as beneficiary of the Deed of Trust. On May 27, 2026, a Notice of Trustee's Sale ("Notice of Trustee's Sale") was recorded by Trustee Corps, noticing a sale date for July 8, 2026, due to Plaintiffs' default under the Deed of Trust. (RJN, Exhibit "7").

2. <u>Plaintiffs' Allegations of Three Individual Owners of the Loan</u>

Plaintiffs claim on June 7, 2024, a private investigator determined the Loan was owned by Fannie Mae Trust. (Complaint, ¶ 37).

On November 25, 2025, Plaintiffs claim they sent a Qualified Written Request ("QWR") to SPS. (Complaint, ¶ 33). On December 10, 2025, SPS responded to the QWR stating, "[t]he owner of the mortgage loan is Freddie Mac." (Complaint, ¶ 38).

On January 14, 2026, Plaintiffs claim they received a letter stating that U.S. Bank is the owner of the Loan. (Complaint, ¶ 39). None of these three "contradictory ownership claims" were made at the same time, and therefore are not simultaneous nor contradictory.

## III. ARGUMENT

Pursuant to Fed. R. Civ. P. 12(b)(6), "failure to state a claim upon which relief can be granted," is a basis to dismiss a complaint where the moving party can demonstrate beyond doubt that the Plaintiff cannot provide a set of facts in support of his claim which would entitle them to relief, such that this Motion to Dismiss should be granted. *See Puckett v. Park Place Entertainment, Corp*., 332 F. Supp. 2d 1349, 1352 (D. Nev. 2004). The U.S. Supreme Court requires a plaintiff to plead more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (*quoting* Fed. R. Civ. P. 8(a)(2)) (citation omitted).

While the Court should typically take the allegations as alleged in the complaint as true, "Courts do not assume the truth of legal conclusions merely

because they are cast in the form of factual allegations." *Puckett*, 332 F. Supp. 2d at 1352 (*quoting Western Mining Counsel v. Watt*, 643 F. 2d 618, 624 (9th Cir. 1981). It has specifically been held that "conclusory allegations of law and unwarranted inferences are insufficient to defend a Motion to Dismiss for failure to state a claim." *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1403 (9th Cir. 1996) (*quoting In re VeriFone Securities Litigation*, 11 F.3d 865, 868 (9th Cir. 1993).

**A. <u>The entire Complaint – and each individual Cause of Action asserted therein - lack sufficient facts.</u>**

1. <u>These claims are impermissibly based on Plaintiffs' unfounded conclusions.</u>

As touched on above, a bald conclusion that is left unsupported by any actual facts is not enough to state a valid Cause of Action. *Maya v. Centex Corp.,* 658 F.3d 1060, 1067 (9th Cir. 2011); *Bell Atlantic, supra*, 550 U.S. at p.555.

Plaintiffs' Complaint is premised almost exclusively on the conclusion that "three separate entities have simultaneously and publicly claimed to be the owner or beneficial holder of Plaintiffs' mortgage loan." (Complaint, ¶ 1). Plaintiffs attempt to support their claim that no entity has authority to foreclose on the Loan by stating, "[e]ach downstream assignment is void because the assignor lacked title to convey." (Complaint, ¶ 41). But, these allegations amount to nothing more than conclusions of law and a misguided lack of understanding regarding mortgage loans and non-judicial foreclosures. Even a cursory review of the judicially noticeable recorded chain of title is enough to establish that the Complaint does not present any worthwhile facts to support any of Plaintiffs' conclusions. As a result, the Complaint lacks sufficient facts to state a cause of action and must be dismissed.

**B. <u>The First Cause of Action for Declaratory Judgment lacks sufficient facts.</u>**

To allege a viable claim for declaratory relief, a plaintiff must establish a

present and actual controversy between the parties. *City of Cotati v. Cashman* (2002) 29 Cal. 4th 69, 80. The controversy must be pled specifically and "the facts of the respective claims concerning the [underlying] subject must be given." *Id*.

There is no actual controversy here. Plaintiffs' seek a judicial determination as to a) whether any Defendant can enforce the Note or Deed of Trust, b) whether the chain of title is complete and properly recorded, c) whether the Note has been properly endorsed and transferred, d) whether the Notice of Default and any foreclosure sale are valid and enforceable, e) who is the Note Holder as defined in the Note, and f) whether any Defendant can identify the proper recipient of tender. As discussed in great length below, each one of these contentions is readily answered by a simple review of the judicially noticeable recorded chain of title. As a result, there is no actual controversy. Any supposed controversy is based on purely conclusory allegations. Additionally, this claim rises and falls with Plaintiffs' other defective claims below. Thus, the First Cause of Action for Declaratory Judgment lacks sufficient facts and must be dismissed because it is determinable as a matter of law.

**C. The Second Cause of Action for Quiet Title lacks sufficient facts.**

A quiet title action is maintained to establish or quiet title to or an interest in real property as between adverse claimants. C.C.P. §760.010 et seq.

1. No facts suggesting title should be quieted in Plaintiffs' favor.

The Complaint is bereft of any actual facts explaining why free and clear title should be quieted in Plaintiffs' favor here. (*See* Complaint, in general). Plaintiffs conclude that they hold title to the Property free and clear of any claims by Defendants because "a) [t]he Note contains no endorsements, so no Defendant is the "Note Holder" as defined in the Note; b) [t]here is no recorded assignment from LoanDepot to any Defendant; c) [t]he transfer to U.S. Bank (RCF 2 Trust) was never recorded, as U.S. Bank admitted in its January 14, 2026 letter; and d) Defendants have made contradictory statements regarding ownership, identifying

three different entities as the owner." (Complaint, ¶ 69). Each of these four contentions is deeply flawed.

Plaintiffs' conclusion that no Defendant has a valid enforceable lien because they are not a "Note Holder" is woefully flawed. In California, there is no requirement that the foreclosing party physically possess the note in order for the sale to be valid. *Debrunner v. Deutsche Bank National Trust Co*. (2012) 204 Cal.App.4th 433, 440; *Kalnoki v. First American Trustee Servicing Solutions, LLC* (2017) 8 Cal.App.5th 23, 42. Nor must the lender prove its authority to conduct a nonjudicial foreclosure sale. *Rossberg v. Bank of America, N.A*. (2013) 219 Cal.App.4th 1481, 1493; *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1155. Furthermore, Plaintiffs' exhibits to their Complaint contradicts their claims. Section 1 of the Note states, "Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."" (Complaint, Exhibit A). Section 10 of the Note states, "In addition to the protections given to the Note Holder under this Note, a mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note." (Complaint, Exhibit A). Section 13 of the Deed of Trust states, "The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender." (Complaint, Exhibit B). Section 20 of the Deed of Trust states, "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." (Complaint, Exhibit B). Therefore, Plaintiffs claim that no Defendant has an interest in the Property or the Note is wrong as a matter of law.

Plaintiffs' conclusion that that there is no recorded assignment from LoanDepot to any Defendant is false. Plaintiffs executed the Note in favor of LoanDepot. (Complaint, ¶ 3). The Loan was secured by a Deed of Trust (Complaint, Exhibit B). The Deed of Trust identifies LoanDepot as the lender and MERS as the beneficiary and nominee for Lender and Lender's successors and assigns. (Id). On or about November 27, 2024, MERS executed the First Assignment transferring all beneficial interest in the Deed of Trust from LoanDepot to SPS. (RJN, Exhibit "2"). Plaintiffs' lack of knowledge concerning a valid assignment by MERS, as the beneficiary and nominee for LoanDepot, is insufficient to support their claim that there is no recorded assignment. Here, the judicially noticeable recorded chain of title clearly demonstrates an assignment of LoanDepot's interest in the Property. As a result, the Complaint fails to state facts to support that no Defendant holds a valid lien on the Property.

Plaintiffs' conclusion that the transfer to U.S. Bank was never recorded is false. On or about January 27, 2026, SPS executed the Second Assignment transferring all beneficial interest in the Deed of Trust to U.S. Bank. (RJN, Exhibit "5"). Here, the judicially noticeable recorded chain of title clearly demonstrates U.S. Bank's interest in the Property.

Plaintiffs' conclusion that Defendants made contradictory statements regarding ownership is unsupported. On December 10, 2025, Plaintiffs claim SPS stated "[t]he owner of the mortgage loan is Freddie Mac." (Complaint, ¶ 38). This statement was made during the time that SPS was servicing the Loan and had a valid assignment of the Deed of Trust. (Complaint, ¶ 23) (RJN, Exhibit "2"). Thus, this statement is not contradictory with any other ownership interests at the time. On January 14, 2026, Plaintiffs claim they received a letter stating that U.S. Bank is the owner of the Loan. (Complaint, ¶ 39). Again, this statement is not contradictory of any other ownership interest as evidenced by the Second

Assignment which transferred all beneficial interest in the Deed of Trust to U.S. Bank. (RJN, Exhibit "5").

Therefore, the Cause of Action for Quiet Title must be dismissed. The Complaint's conclusions fail to support that no Defendant has a valid interest in the Property.

2. <u>No facts suggesting Plaintiff has discharged the debt.</u>

The only way for a mortgagor to quiet his title against the mortgagee is to pay it. *Burns v. Hiatt*, (1906) 149 Cal. 617, 621. To allow otherwise would go "against general equitable principles and adjudicated cases." Thus, "the cloud upon [one's] title persists until the debt is paid." *Aguilar v. Bocci*, (1974) 39 Cal.App.3d 475,477-478; See also *Jozinovich v. JP Morgan Chase Bank, N.A.*, Slip Copy, 2010 WL 234895, N.D. Cal., 2010. Nowhere in the Complaint do Plaintiffs allege that they discharged the debt. (*See* Complaint, in general). Nor do they offer to do so. (Id.). Nor do they express an ability to do so. (Id.). In fact, Plaintiffs admit that they were in default. (Complaint, ¶ 19). Plaintiffs claim they are excused from tender because three different entities claim ownership of the Loan, and tender would be futile. (Complaint, ¶ 71). As discussed above, Plaintiffs' allegations of multiple ownership claims are unsupported. Therefore, Plaintiffs' excuse for tender is insufficient and the Second Cause of Action for Quiet Title must be dismissed as a matter of law for failure to tender the debt.

**D. <u>The Third Cause of Action for Wrongful Foreclosure lacks sufficient facts.</u>**

1. <u>Plaintiffs lack standing to challenge a nonjudicial foreclosure.</u>

The California Supreme Court held that a borrower has standing to sue for wrongful foreclosure based on an allegedly void assignment of the deed of trust to the foreclosing entity, but only where the defect renders the assignment void, not merely voidable. *Yvanova v. New Century Mortg. Corp.,* (2016) 62 Cal. 4th 919, 929. The Complaint alleges that the First Assignment and Second Assignment are

void because a) no Defendant can produce the original Note with a complete chain of endorsements from LoanDepot, b) there is no recorded assignment of the Deed of Trust from LoanDepot, and c) the transfer to U.S. Bank was never recorded. (Complaint, ¶ 78). These conclusions are insufficient on their face and do not establish that the First Assignment and/or Second Assignment are void.

As discussed above, Plaintiffs' "Note Holder" theory is not enough to support an actionable claim. Additionally, the judicially noticeable chain of title demonstrates that U.S. Bank holds a valid and enforceable interest in the Property. (RJN, Exhibit "2" and "5"). Thus, Plaintiffs' conclusion that the First Assignment and Second Assignment are void is woefully insufficient and unsupported. Plaintiffs do not state a shred of fact to support the notion that any of the documents have been forged or falsified by Defendants. (*See* Complaint, in general). As a result, Plaintiffs lack standing to challenge the assignments and cannot state a cause of action for Wrongful Foreclosure based on the conclusion of a void assignment.

2. <u>Impermissible preemptive challenge to a pending foreclosure.</u>

California law does not permit a borrower to file a preemptive action to judicially challenge the right, power, and authority of a foreclosing beneficiary or its agent to initiate and pursue a nonjudicial foreclosure. *Gomes v. Countrywide Home Loans, Inc.,* (2011) 192 Cal. App. 4th 1149, 1155. "The recognition of the right to bring a lawsuit to determine a nominee's authorization to proceed with foreclosure on behalf of the noteholder would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures." (*Id.* at 1155). *Yvanova* expressly declined to extend standing to borrowers who file suit to halt a threatened but uncompleted foreclosure, limiting its holding to borrowers who have already suffered a completed nonjudicial foreclosure. *Yvanova v. New Century Mortg. Corp.,* (2016) 62 Cal. 4th 919, 924.

Here, Defendants have not completed a nonjudicial foreclosure sale of the Property. As a result, Plaintiffs lack standing to assert a Cause of Action for Wrongful Foreclosure.

**E. <u>The Fourth Cause of Action for Violation of FDCPA – 15 U.S.C. § 1692g(b) lacks sufficient facts to state a cause of action against Selene.</u>**

Section 1692g(b) of the FDCPA provides that "[i]f the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g.

Plaintiffs fail to state a cause of action against Selene for violation of Section 1692g(b). "On November 25, 2025, Plaintiffs formally disputed the debt in writing." (Complaint, ¶ 85). "Selene began servicing the loan on February 9, 2026." (Complaint, ¶ 84). Thus, it is impossible for Selene to have violated Section 1692g(b) because Plaintiffs written notice to SPS occurred three months prior to Selene's involvement with the Loan.

Additionally, if Plaintiffs amend the Complaint to state that they also provided written notice to Selene, they still cannot state a cause of action against Selene for violation of Section 1692g(b). At the minimum, verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed. *Clark v. Cap. Credit & Collection Servs., Inc.,* (9th Cir. 2006) 460 F.3d 1162, 1173. Here, Selene verified the debt by issuing a payoff statement which contained

representations about the amount owed. (Complaint, ¶ 87). Therefore, Plaintiffs fail to state facts sufficient to support the Fourth Cause of Action.

**F. The Fifth Cause of Action for Violation of FDCPA – 15 U.S.C. § 1692e lacks sufficient facts to state a cause of action against Selene.**

Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. A false representation concerns "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

Plaintiffs' claim Defendants made false representations regarding the Loan because three contradictory representations of ownership were made, and thus, two of them must be false. (Complaint, ¶ 92-96). It is clear that Plaintiffs lack a basic understanding of mortgage loans. Section 1 of the Note states, "Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."" (Complaint, Exhibit A). Section 20 of the Deed of Trust states, "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." (Complaint, Exhibit B). The judicially noticeable chain of title discussed above has already confirmed that Plaintiffs' allegations of contradictory ownership claims are unfounded and cannot be used to state sufficient facts. SPS made a representation regarding ownership during the time in which SPS serviced the Loan. (Complaint, ¶ 23, 93) (RJN, Exhibit "2"). Selene, as servicer for U.S. Bank, allegedly made a representation that U.S. Bank was the new owner of the Loan during the time in which Selene serviced the Loan and U.S. Bank held a valid interest as reflected in the Second Assignment. (Complaint, ¶ 45, 94) (RJN, Exhibit "5"). Thus, the only "contradictory" ownership claim was made by Plaintiffs own private investigator. (Complaint, ¶ 37). There is no record of this allegation in the recorded chain of title and Plaintiffs do not attach the alleged report to the Complaint. (*See*

Complaint, in general). Rather, the recorded chain of title demonstrates the First Assignment was the first instance of the Deed of Trust being transferred. (RJN, Exhibit "2").

As a result, Plaintiffs have failed to state sufficient facts to support that Selene made a false representation concerning the Loan.

**G. <u>The Sixth Cause of Action for Violation of RESPA – 12 U.S.C. § 2605 lacks sufficient facts to state a cause of action against Selene.</u>**

Plaintiffs do not state a single fact to suggest that Selene violated 12 U.S.C. § 2605. In fact, the Sixth Cause of Action does not even mention Selene. As a result, the Sixth Cause of Action must be dismissed with respect to Selene.

**H. <u>The Seventh Cause of Action for Violation of California Rosenthal Fair Debt Collection Practices Act lacks sufficient facts.</u>**

1. <u>No facts suggesting a violation of section 1788.13.</u>

There are no facts stated in the Complaint which could be reasonably interpreted as a violation of Section 1788.13. Plaintiffs merely state, "Defendants have made false and misleading representations regarding the ownership of the debt." (Complaint, ¶ 111(a)). The Complaint does not allege that Defendants communicated with Plaintiffs using a false name, falsely represented that they were attorneys, falsely represented that they were a government official, falsely represented that the debt may be increased by illegal fees, falsely represented a referral to a consumer reporting agency, falsely represented that they were a consumer reporting agency, falsely represented the true nature of the services being rendered, falsely represented a legal proceeding, or falsely represented the debt would be sold to a debt collector. (*See* Complaint, in general). As a result, Plaintiffs have failed to state sufficient facts for a violation of Section 1788.13.

2. <u>No facts suggesting a violation of section 1788.14.</u>

There are no facts stated in the Complaint which could be reasonably interpreted as a violation of Section 1788.14. Plaintiffs merely state, "Defendants

have used unfair and unconscionable means to collect the debt, including issuing a Payoff Statement on a disputed debt without validation." (Complaint, ¶ 111(b)). The Complaint does not allege that Defendants obtained an affirmation from a debtor who has been discharged in bankruptcy, collected any fee not permitted by law, communicated with a debtor who has obtained counsel, attempted to collect a time-barred debt, or collected consumer debt originating with a hospital. (*See* Complaint, in general). As a result, Plaintiffs have failed to state sufficient facts for a violation of Section 1788.14.

3. <u>Claim for violation of section 1788.17 rises and falls with Plaintiffs' other defective claims.</u>

Civ. Code § 1788.17 states, "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

As discussed in response to the Fourth Cause of Action, Plaintiffs fail to state facts sufficient to claim a violation of 15 U.S.C. § 1692g. This claim likewise fails for all of the reasons set forth herein.

**I. <u>The Eighth Cause of Action for Violation of California Civil Code Section 2924(a)(6) lacks sufficient facts.</u>**

Civ. Code § 2924(a)(6) states that an entity shall not record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest.

On October 23, 2025, America West recorded a Notice of Default. (Complaint, ¶ 114). Plaintiffs allege that there was no recorded assignment establishing that SPS or America West held the beneficial interest under the Deed

of Trust, was the designated trustee, or was the designated agent of an identified beneficiary with a recorded chain of title. (Complaint, ¶ 116). As discussed to exhaustion above, Plaintiffs conclusions are immediately disproved by a simple review of the judicially noticeable recorded chain of title.

Plaintiffs executed a Note in favor of LoanDepot. (Complaint, ¶ 3). The Loan was secured by a Deed of Trust. (Complaint, Exhibit B). The Deed of Trust identifies LoanDepot as the lender and MERS as the beneficiary and nominee for Lender and Lender's successors and assigns. (Id). MERS executed the First Assignment transferring all beneficial interest in the Deed of Trust from LoanDepot to SPS. (RJN, Exhibit "2"). On April 29, 2025, the First Substitution was recorded reflecting that America West was appointed as successor trustee. (RJN, Exhibit "3"). The First Substitution was executed by SPS as beneficiary of the Deed of Trust. On October 23, 2025, a Notice of Default ("Notice of Default") was recorded by America West due to Plaintiffs' default under the Deed of Trust. (RJN, Exhibit "4"). The Notice of Default reflects that the Loan had been in default since May 1, 2024. (Id). Thus, the conclusory facts stated by Plaintiffs are insufficient because the Notice of Default was recorded by the substitute trustee, America West, under the Deed of Trust.

Furthermore, Plaintiffs allege that the subsequent transfer of servicing to Selene and the substitution of Trustee Corps does not cure the alleged violation of Section 2924(a)(6). Again, Plaintiffs claims are conclusory. SPS executed the Second Assignment transferring all beneficial interest in the Deed of Trust to U.S. Bank. (RJN, Exhibit "5"). On May 20, 2026, the Second Substitution was recorded reflecting that Trustee Corps was appointed as successor trustee. (RJN, Exhibit "6"). The Second Substitution was executed by U.S. Bank as beneficiary of the Deed of Trust. On May 27, 2026, the Notice of Trustee's Sale was recorded by Trustee Corps, noticing a sale date for July 8, 2026, due to Plaintiffs' default

under the Deed of Trust. (RJN, Exhibit "7"). Therefore, Plaintiffs' Complaint fails to allege sufficient facts to state a claim against U.S. Bank and Selene for violation of Section 2924(a)(6). As a result, the Eighth Cause of Action must be dismissed.

**J. The Ninth Cause of Action for Unfair Business Practices lacks sufficient facts.**

Plaintiffs allege that Defendants' conduct is unlawful because it violates the FDCPA, RESPA, the Rosenthal Act, and California Civil Code Section 2924. (Complaint, ¶ 122). This claim likewise fails for all the reasons set forth herein.

Plaintiffs allege that Defendants' conduct is unfair because the harm to Plaintiffs outweighs any utility of Defendants' conduct, and the conduct offends established public policy requiring a valid chain of title for foreclosure. (Complaint, ¶ 123). Again, this claim is conclusory. The judicially noticeable recorded chain of title clearly demonstrates that Defendants have a beneficial interest in the Property.

Plaintiffs allege that Defendants' conduct is fraudulent because Defendants have made contradictory representations regarding ownership of the loan and at least two of those representations are necessarily false. (Complaint, ¶ 124). Again, Plaintiffs' ineptitude to follow a recorded chain of title, or comprehend the basic principles of a mortgage loan and its transferability, are not Defendants' fault. The conclusory allegations regarding ownership have been debunked by the recorded chain of title. Furthermore, one of the so-called contradictory representations of ownership is from Plaintiffs' own private investigator, for which Defendants cannot be held responsible for "fraudulent" conduct.

Therefore, Plaintiffs Ninth Cause of Action for Unfair Business Practices lacks sufficient facts and must be dismissed.

/ / /

/ / /

## IV. CONCLUSION

Based on the foregoing, the Court should dismiss the entire Complaint and each individual claim alleged therein, with prejudice.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: July 29, 2026 By: ***s/ Gino D. Palmieri, Esq.***

James J. Ramos, Esq.
Gino D. Palmieri, Esq.
Attorneys for Defendants,
SELENE FINANCE LP; AND U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST

# PROOF OF SERVICE

I, Kim Walsh, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On July 29, 2026, I served the within **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [FRCP Rules 12(b)(6)]** on all interested parties in this action as follows:

[ ] by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

**Tom Corbett**
**Lisa Corbett**
**107 Las Flores Drive**
**Guadalupe, CA 93434**
**Rhinodrive44@gmail.com**
**Tomslove86@gmail.com**
***Plaintiffs, In Pro Per***

**KUTAK ROCK LLP**
**Steven M. Dailey**
**Jennifer L. Andrews, 5 Park Plaza, Suite 1500 Irvine, CA 92614-8595**
**Steven.dailey@kutakrock.com**
**irvineintake@KutakRock.com**
***Attorneys for SELECT PORTFOLIO SERVICING, INC. And U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE FOR RCF 2 ACQUISITION TRUST***

[ ] (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ] (BY CERTIFIED MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices, via Certified Mail, Return Receipt Requested.

[ ] (BY PERSONAL SERVICE) I caused personal delivery by ATTORNEY SERVICE of said document(s) to the offices of the addressee(s) as set forth on the attached service list.

[ ] (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 608-9142, complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original Proof of Service.

[ ] (BY FEDEX- NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by FedEx with the delivery fees provided for.

[X] (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X] (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

[ ] (BY ONE LEGAL FILE AND SERVE) I caused the above document(s) to be e-served through One Legal File and Serve to the recipient(s) on the above-referenced address and/or attached service list.

Executed on July 29, 2026, at Newport Beach, California.

*/s/Kim Walsh*
Kim Walsh